Nott, J.,
delivered the opinion of the court:
The controlling facts in this case are that the claimant entered into a contract with the defendants for the sale and delivery of 1,000,000 pounds of corn, and that a third person essayed to make a delivery upon the claimant’s contract without his previous knowledge or consent. The property in the corn so delivered was avowedly in this third person, and it was never pretended or understood that the claimant had any property or interest in it. There is nothing in the record to show that the claimant at the time ratified the act of the third person or adopted the transaction. The vouchers for this delivery were never issued to the claimant, and when sent by the commissary, who accepted the corn, to the commanding general of the department for approval, he disapproved of the transaction, and notified both the claimant and Kitchen, the third person, of his refusal. Up to this point there was nothing to bind either the claimant or Kitchen; no consideration had passed, no binding agreement is shown to have been entered into, and the transaction was still an open one between them. Kitchen then availed himself of the unbinding nature of the case to consider himself the person who delivered the corn and to deal Avith the department in regard to it, and he accepted payment from them accordingly.
If this action be considered as prosecuted in the name of the claimant for the benefit of Kitchen, a sufficient answer to it is that Kitchen compromised the sxxbject of dispute, accepted the price offered, and receipted in full for the money AAdiich he re *107 ceived. If it be considered as prosecuted on tbe claimant’s own bebalf, a sufficient answer is, tliat it is an attempt to reap a benefit from another man’s injury, being founded on a transaction between third persons, to which tlie claimant was an entire stranger, and by which he suffered no damage.
The claimant’s contract with the defendants called for a certain quantity of corn for which he was to be paid a certain price. He has delivered that quantity of corn and has been paid that price, and concedes that there has been no breach of the contract in that regard. But he seeks to ingraft upon this contract (under a provision that it might be increased or diminished by the defendants’ officers) a transaction to which he was not privy, either in law or in fact. The corn which forms the subject-matter of the present'action belonged to Kitchen and not to the claimant; the attempt of Kitchen to deliver it upon the claimant’s contract was without his knowledge and without his authority; it did not bind the claimant, and because it did not bind him, it did not injime him, and he remained a stranger to and can reap no benefit from it.
It may be true that vouchers were made out by the subordinate officer who received this, corn in the claimant’s name; but before these were received and accepted by the claimant, the transaction came to the knowledge of the commanding general, subject to whose approval the claimant’s contract was made, and who, in legal effect, made it, and he instantly disavowed the transaction, and refused to consider Kitchen’s transaction as a delivery upon the claimant’s contract. So far as Kitchen was concerned he was paid for his corn, and receipted in full when he received the money. So far as the complainant was concerned, he was awarded additional time for delivering his corn and availed himself of the extension. - General Carleton’s steps were taken with the strictest regard to law and equity; and he made good to the claimant the only tiling whereby he could have suffered loss, viz, the time whicli had slipped away for the performing of his obligation. The claimant availed himself of the extension thus given, and' his mouth is closed to say that he was misled or injured by the quartenfiaster’s irregular proceedings.
Finally, there was neither authority given by the claimant to Kitchen to deliver this corn upon his contract nor liability subsequently assumed to Kitchen for having so delivered it. And *108 if any sucb liability not disclosed by tlie record has been assumed by the claimant, it would be discharged by Kitchen’s having subsequently treated the transaction as his own, and accepted pay for the corn in his own right from the defendants.
The judgment of the court is that the petition be dismissed.